UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN BROTHERSTON and JOAN GLANCY,  :
individually and as representatives of a class of
similarly situated persons, and on behalf of the   :
Putnam Retirement Plan,
                                                   :
              Plaintiffs,            Civil Action
                                   : No. 15-13825-WGY
     v.
                                   : ORAL ARGUMENT REQUESTED
PUTNAM INVESTMENTS, LLC, PUTNAM
INVESTMENT MANAGEMENT, LLC,        :
PUTNAM INVESTOR SERVICES, INC., the
PUTNAM BENEFITS ADMINISTRATION     :
COMMITTEE, the PUTNAM BENEFITS
INVESTMENT COMMITTEE, ROBERT       :
REYNOLDS, ELLEN NEARY, and JOHN
DOES 1-30,                         :

              Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.*, defendants Putnam Investments, LLC; Putnam Investment Management, LLC; Putnam Investor Services, LLC; the Putnam Benefits Administration Committee; the Putnam Benefits Investment Committee; Robert Reynolds; Ellen Neary and John Does 1-30 (collectively, "Defendants") hereby move this Court to dismiss the First Amended Complaint (Docket No. 22) with prejudice. The grounds for this motion are set forth in Defendants' memorandum of law and related filings, which are submitted herewith.[1]

---

[1] On a motion to dismiss, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v.*

*(cont'd)*

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Although the court must take the allegations in a plaintiff's pleadings as true and make all reasonable inferences in favor of the plaintiff, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (internal quotations and alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations and quotations omitted).

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants respectfully request oral argument on this motion.

---
*(cont'd from previous page)*
*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document . . . , the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."). Moreover, when challenging a plaintiff's constitutional standing under Rule 12(b)(1), "a court is permitted to look beyond the pleadings to determine jurisdiction . . . ." *Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 456 (D. Mass. 2011). Copies of documents that the Court may consider on this motion are included in the accompanying Declaration Of Michael S. Hines (cited as "Hines Decl. Ex. __"), submitted herewith.

## LOCAL RULE 7.1 CERTIFICATION

I, Michael S. Hines, hereby certify that counsel for Defendants has conferred with counsel for Plaintiffs who is expecting this motion based on conferences with counsel and the stipulation on file with the Court concerning the briefing schedule regarding same, and consequently, the parties have not been able to resolve or narrow the issues involved in this motion.

Dated: February 5, 2016   /s/ Michael S. Hines
                          Michael S. Hines

Dated: February 5, 2016   Respectfully submitted,
       Boston, Massachusetts

                          /s/ James R. Carroll
                          James R. Carroll (BBO #554426)
                          Eben P. Colby (BBO #651456)
                          Michael S. Hines (BBO #653943)
                          SKADDEN, ARPS, SLATE
                            MEAGHER & FLOM LLP
                          500 Boylston Street
                          Boston, Massachusetts 02116
                          (617) 573-4800
                          james.carroll@skadden.com
                          eben.colby@skadden.com
                          michael.hines@skadden.com

                          Counsel for Defendants

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 5, 2016.

Dated: February 5, 2016   /s/ Michael S. Hines
                          Michael S. Hines