UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BROTHERSTON and JOAN GLANCY, individually and as representatives of a class of similarly situated persons, and on behalf of the Putnam Retirement Plan<br><br>               Plaintiffs,<br><br>         v.<br><br>PUTNAM INVESTMENTS, LLC, PUTNAM INVESTMENT MANAGEMENT, LLC, PUTNAM INVESTOR SERVICES, INC., the PUTNAM BENEFITS ADMINISTRATION COMMITTEE, the PUTNAM BENEFITS INVESTMENT COMMITTEE, ROBERT REYNOLDS, and JOHN DOES 1-30,<br><br>               Defendants. | CIVIL ACTION<br>No. 15-13825-WGY<br><br>ORDER |

| | |
|---|---|
| JAMES ELLIS and WILLIAM PERRY,<br><br>               Plaintiffs,<br><br>         v.<br><br>FIDELITY MANAGEMENT TRUST COMPANY,<br><br>               Defendant. | CIVIL ACTION<br>No. 15-14128-WGY<br><br>ORDER |

YOUNG, D.J.                                        April 6, 2016

## ORDER

The above-captioned matters both involve challenges to the administration of defined contribution plans under the Employee Retirement Security Act of 1974 ("ERISA").  The Defendants in both cases[1] move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.  On March 9, 2016, the Court held a hearing on the Defendants' motions and took the matters under advisement.

The standard of judicial review of an ERISA plan administrator's benefits determinations is de novo, "'unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility benefits or to construe the terms of the plan,'" in which case the "administrator's decision will be upheld unless it is arbitrary, capricious, or an abuse of discretion." Stephanie C. v. Blue Cross Blue Shield of Massachusetts HMO Blue, Inc., 813 F.3d 420, 427 (1st Cir. 2016) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)).  In factually complex ERISA cases like the instant ones, dismissal is often inappropriate. See, e.g., Hill v. State St. Corp., No. 09CV12146-NG, 2011 WL 3420439, at *31 (D. Mass. 2011) (Gertner, J.) (denying a motion to dismiss ERISA violations because the record required further development); cf. LaLonde v. Textron, Inc., 369 F.3d 1, 6 (1st Cir. 2004) (denying

---

[1] Ellen Neary has been dismissed from the Brotherston matter.  See Elec. Clerk's Notes, ECF No. 40.

motion to dismiss ERISA claim where "further record development
— and particularly input from those with expertise in the arcane
area of the law where ERISA's [employee stock ownership plan]
provisions intersect with its fiduciary duty requirement — seems
to us essential to a reasoned elaboration of that which
constitutes a breach of fiduciary duty in this context."; accord
Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 596 (8th Cir.
2009) (denying motion to dismiss ERISA claim because "it is
reasonable . . . to infer from what is alleged that the process
[by which alleged fiduciaries chose plan investment options] was
flawed.").

At the current stage of litigation, when the Court must
draw all reasonable inferences in favor of the non-moving party,
the Plaintiffs' complaints in these two actions allege facts
sufficient to state plausible claims.  See Fifth Third Bancorp
v. Dudenhoeffer, 134 S. Ct. 2459, 2471 (2014).  Thus, the
motions to dismiss are **DENIED**.

       **SO ORDERED.**

                                                  _William G. Young_
                                       WILLIAM G. YOUNG
                                       DISTRICT JUDGE