UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN BROTHERSTON and JOAN GLANCY, :
individually and as representatives of a class of
similarly situated persons, and on behalf of the  :
Putnam Retirement Plan,

                                 :

             Plaintiffs,                   Civil Action
                                 :     No. 15-13825-WGY

          v.                                 :

PUTNAM INVESTMENTS, LLC, PUTNAM
INVESTMENT MANAGEMENT, LLC,           :
PUTNAM INVESTOR SERVICES, INC., the
PUTNAM BENEFITS ADMINISTRATION     :
COMMITTEE, the PUTNAM BENEFITS
INVESTMENT COMMITTEE, ROBERT       :
REYNOLDS, and JOHN DOES 1-30,

                                 :

            Defendants.

                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

      Defendants Putnam Investments, LLC; Putnam Investment Management, LLC;

Putnam Investor Services, Inc.; the Putnam Benefits Administration Committee; the Putnam

Benefits Investment Committee; Robert Reynolds and John Does 1-30, by and through their

undersigned attorneys, hereby answer the First Amended Complaint of Plaintiffs John

Brotherston and Joan Glancy, upon knowledge as to themselves and their own acts, and

otherwise upon information and belief as to all other matters as follows:

        The heading immediately preceding paragraph 1 of the First Amended Complaint

contains no factual allegations and thus no response is required.  To the extent that the heading

immediately preceding paragraph 1 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

1.      Defendants aver that the allegations contained in paragraph 1 of the First Amended Complaint are Plaintiffs' definitional conventions and legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 1 of the First Amended Complaint, except admit only that Plaintiffs John Brotherston and Joan Glancy, individually and as putative class representatives and on behalf of the Putnam Retirement Plan (the "Plan"), purport to bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*  Defendants aver that the allegations contained in paragraph 1, footnote 1 of the First Amended Complaint are Plaintiffs' definitional conventions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in footnote 1 of the First Amended Complaint.

2.      Defendants aver that the allegations contained in paragraph 2 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 2 of the First Amended Complaint and, answering further, refer to 29 U.S.C. § 1104 and *Glass Dimensions, Inc. v. State Street Bank & Trust Co.*, 931 F. Supp. 2d 296 (D. Mass. 2013), for a complete and accurate statement of their contents.

3.      Defendants deny the allegations contained in paragraph 3 of the First Amended Complaint and, answering further, aver that the expenses associated with the Plan's investment options are a matter of public record and refer to those records for a complete and accurate statement of their contents.  Defendants deny the allegations contained in paragraph 3,

footnote 2 of the First Amended Complaint, except admit only that Defendants issued a Retirement Plan Update in December 2015 and refer to that document for a complete and accurate statement of its contents.

4.      Defendants deny the allegations contained in the first, third, fourth and fifth sentences of paragraph 4 of the First Amended Complaint.  Defendants aver that the allegations contained in second sentence of paragraph 4 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the second sentence of paragraph 4 of the First Amended Complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the First Amended Complaint, except admit only that Putnam launched new mutual funds in March 2013 that were subsequently added to the Plan.

6.      Defendants aver that allegations contained in paragraph 6 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 6 of the First Amended Complaint.

7.      Defendants aver that the allegations contained in paragraph 7 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 7 of the First Amended Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the First Amended Complaint, except admit only that Plaintiffs purport to assert five claims against Defendants.

The heading immediately preceding paragraph 9 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 9 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

9.     Defendants aver that the allegations contained in paragraph 9 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 9 of the First Amended Complaint, except admit only that Plaintiffs purport to bring this action pursuant to 29 U.S.C. § 1132.

10.     Defendants aver that the allegations contained in paragraph 10 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 10 of the First Amended Complaint.

11.     Defendants aver that the allegations contained in paragraph 11 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 11 of the First Amended Complaint, except aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 11 of the First Amended Complaint.

The headings immediately preceding paragraph 12 of the First Amended Complaint contain no factual allegations and thus no response is required.  To the extent that the headings immediately preceding paragraph 12 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

12.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12 of the First Amended Complaint, except admit only that Plaintiff John Brotherston is a Plan participant.  Defendants deny the allegations contained in the second and third sentences of paragraph 12 of the First Amended Complaint, except admit only that Brotherston has invested in Putnam funds offered within the Plan.  Defendants aver that the allegations contained in the fourth sentence of paragraph 12 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the fourth sentence of paragraph 12 of the First Amended Complaint.

13.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 13 of the First Amended Complaint, except admit only that Plaintiff Joan Glancy was a Plan participant until the first quarter of 2010, when her account balance was distributed from the Plan.  Defendants aver that the allegations contained in the second and fifth sentences of paragraph 13 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the second and fifth sentences of paragraph 13 of the First Amended Complaint.  Defendants deny the allegations contained in the third and fourth sentences of paragraph 13 of the First Amended Complaint, except admit only that Glancy has invested in Putnam funds offered within the Plan.

The heading immediately preceding paragraph 14 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 14 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

5

14.     Defendants admit the allegations contained in paragraph 14 of the First Amended Complaint.

15.     Defendants aver that the allegations contained in paragraph 15 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 15 of the First Amended Complaint, except admit only that the Plan is an employee pension benefit plan and a defined contribution plan.

16.     Defendants aver that the allegations contained in paragraph 16 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 16 of the First Amended Complaint, except admit only that the Plan is a 401(k) plan.

17.     Defendants admit the allegations contained in paragraph 17 of the First Amended Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the First Amended Complaint, and refer to the Plan Document for a complete and accurate statement of its contents.

19.     Defendants deny the allegations contained in the first and second sentences of paragraph 19 of the First Amended Complaint, except admit only that the Plan is a 401(k) plan and employers sometimes match employee contributions.  Defendants deny the allegations contained in the third and fourth sentences of paragraph 19 of the First Amended Complaint and refer to the 2015 Putnam Retirement Plan Summary Plan Description for a complete and accurate statement of its contents.

20.     Defendants deny the allegations contained in paragraph 20 of the First Amended Complaint, except admit only that 401(k) plan participants are generally responsible for directing their contributions among plan options and, answering further, refer to Investment Company Institute, *A Close Look at 401(k) Plans* (Dec. 2014) [hereinafter "ICI Study"] for a complete and accurate statement of its contents.

21.     Defendants deny the allegations contained in paragraph 21 and footnote 3 of the First Amended Complaint, and refer to the Plan Document for a complete and accurate statement of its contents.  Defendants deny the allegations contained in paragraph 21, footnote 4 of the First Amended Complaint, except admit only that Defendants announced certain changes to the Plan's investment lineup and, answering further, refer to that announcement for a complete and accurate statement of its contents.

The heading immediately preceding paragraph 22 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 22 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

22.     Defendants aver that the allegations contained in the first sentence of paragraph 22 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the first sentence of paragraph 22 of the First Amended Complaint as materially incomplete, except admit only that Putnam Investments, LLC is the Plan sponsor.  Defendants deny the allegations contained in the second, third, fourth, fifth and sixth sentences of paragraph 22 of the First Amended Complaint, except admit only that Putnam is located in Boston, Massachusetts and, answering further, refer to the Plan Document for a complete and accurate

statement of its contents.  Defendants aver that the allegations contained in the seventh and eighth sentences of paragraph 22 of the First Amended complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the seventh and eighth sentences of paragraph 22 of the First Amended Complaint.

23.     Defendants deny the allegations contained in the first and second sentences of paragraph 23 of the First Amended Complaint, except admit only that Putnam Management is a subsidiary of Putnam, is a participating employer in the Plan, and is an investment advisor to Putnam mutual funds.  Defendants aver that the allegations contained in the third and fourth sentences of paragraph 23 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained the third and fourth sentences of paragraph 23 of the First Amended Complaint.

24.     Defendants deny the allegations contained in the first and second sentences of paragraph 24 of the First Amended Complaint, except admit only that Putnam Services is a subsidiary of Putnam, is a participating employer in the Plan, and provides certain investor servicing functions.  Defendants aver that the allegations contained in the third sentence of paragraph 24 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained the third sentence of paragraph 24 of the First Amended Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the First Amended Complaint, except admit only that PBAC is the Plan administrator, and refer to the Plan Document for a complete and accurate statement of its contents.

26.     Defendants aver that the allegations contained in the first and second sentences of paragraph 26 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained the first and second sentences of paragraph 26 of the First Amended Complaint, except admit only that PBAC is a named fiduciary under the Plan and, answering further, refer to the Plan Document for a complete and accurate statement of its contents. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 26 of the First Amended Complaint.

27.     Defendants deny the allegations contained in the first and second sentences of paragraph 27 of the First Amended Complaint, and refer to the Plan Document for a complete and accurate statement of its contents.  Defendants aver that the allegations contained in the third sentence of paragraph 27 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained the third sentence of paragraph 27 of the First Amended Complaint.

28.     Defendants aver that the allegations contained in the first and second sentences of paragraph 28 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the first and second sentences of paragraph 28 of the First Amended Complaint, except admit only that PBIC is a named fiduciary under the Plan and, answering further, refer to the Plan Document for a complete and accurate statement of its contents. Defendants aver that they lack knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the third sentence of paragraph 28 of the First Amended Complaint.

29.     Defendants deny the allegations contained in the first sentence of paragraph 29 of the First Amended Complaint, except admit only that Mr. Reynolds is the President and Chief Executive Officer of Putnam Investments.  Defendants deny the allegations contained in the second, third, fourth and fifth sentences of paragraph 29 of the First Amended Complaint as materially incomplete, and refer to the Plan Document for a complete and accurate statement of its contents.  Defendants aver that the remaining allegations contained in paragraph 29 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the remaining allegations contained in paragraph 29 of the First Amended Complaint.

30.     Defendants aver that an answer to the allegations contained in paragraph 30 of the First Amended Complaint is not required insofar as the allegations concern Ellen Neary, who has been dismissed from this case.  (*See* Docket No. 40.)

31.     Defendants deny the allegations contained in the first sentence of paragraph 31 of the First Amended Complaint, and refer to the Plan Document for a complete and accurate statement of its contents.  Defendants aver that the allegations contained in the second sentence of paragraph 31 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the second sentence of paragraph 31 of the First Amended Complaint. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 31 of the First Amended Complaint.

32.     Defendants aver that the allegations contained in paragraph 32 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 32 of the First Amended Complaint.

The heading immediately preceding paragraph 33 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 33 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

33.     Defendants aver that the allegations contained in paragraph 33 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 33 of the First Amended Complaint and, answering further, refer to 29 U.S.C. § 1104 for a complete and accurate statement of its contents.

34.     Defendants aver that the allegations contained in paragraph 34 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 34 of the First Amended Complaint and, answering further, refer to *Hill v. State Street Corp.*, No. 09-cv-12146-NG, 2011 WL 3420439 (D. Mass. Aug. 3, 2011), for a complete and accurate statement of its contents.

The heading immediately preceding paragraph 35 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 35 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

35.     Defendants aver that the allegations contained in the first and second sentences of paragraph 35 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the first and second sentences of paragraph 35 of the First Amended Complaint and, answering further, refer to *Pegram v. Herdich*, 530 U.S. 211 (2000), for a complete and accurate statement of its contents.  Defendants aver that the allegations contained in the third and fourth sentences of paragraph 35 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the third and fourth sentences of paragraph 35 of the First Amended Complaint and, answering further, refer to U.S. Department of Labor ERISA Advisory Opinion No. 88-16A, 1988 WL 222716 (Dec. 19, 1988), for a complete and accurate statement of its contents.

The heading immediately preceding paragraph 36 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 36 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

36.     Defendants aver that the allegations contained in paragraph 36 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 36 of the First Amended Complaint and, answering further, refer to *Tibble v. Edison International*, 135 S. Ct. 1823 (2015), *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), and *Bendaoud v. Hodgson*, 578 F. Supp. 2d 257 (D. Mass. 2008), for a complete and accurate statement of their contents.

37.     Defendants aver that the allegations contained in paragraph 37 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 37 of the First Amended Complaint and, answering further, refer to *Tussey v. ABB, Inc.*, 746 F.3d 327 (8th Cir. 2014), and *Braden v. Wal-Mart Stores*, 588 F.3d 585 (8th Cir. 2009), for a complete and accurate statement of their contents.

38.     Defendants aver that the allegations contained in paragraph 38 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 38 of the First Amended Complaint and, answering further, refer to 29 U.S.C. § 1104 and *Dudenhoeffer*, 143 S. Ct. at 2459, for a complete and accurate statement of their contents.

The heading immediately preceding paragraph 39 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 39 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

39.     Defendants aver that the allegations contained in paragraph 39 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 39 of the First Amended Complaint and, answering further, refer to *Tibble*¸ 135 S. Ct. at 1823, and *Buccino v. Continental Assurance Co.*, 578 F. Supp. 1518 (S.D.N.Y. 1983), for a complete and accurate statement of their contents.

40.     Defendants aver that the allegations contained in paragraph 40 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a

response is deemed required, Defendants deny the allegations contained in paragraph 40 of the

First Amended Complaint and, answering further, refer to Restatement (Third) of Trusts ch. 17

(2007) for a complete and accurate statement of its contents.

41.     Defendants aver that the allegations contained in paragraph 41 of the First

Amended Complaint are legal conclusions to which no response is required.  To the extent that a

response is deemed required, Defendants deny the allegations contained in paragraph 41 of the

First Amended Complaint and, answering further, refer to *Donovan v. Cunningham*, 716 F.2d

1455 (5th Cir. 1983), and *Bunch v. W.R. Grace & Co.*, 532 F. Supp. 2d 283 (D. Mass. 2008), for

a complete and accurate statement of their contents.

The heading immediately preceding paragraph 42 of the First Amended

Complaint contains no factual allegations and thus no response is required.  To the extent that the

heading immediately preceding paragraph 42 of the First Amended Complaint may be deemed to

contain factual allegations, they are denied.

42.     Defendants aver that the allegations contained in paragraph 42 of the First

Amended Complaint are legal conclusions to which no response is required.  To the extent that a

response is deemed required, Defendants deny the allegations contained in paragraph 42 of the

First Amended Complaint and, answering further, refer to 29 U.S.C. § 1106 for a complete and

accurate statement of its contents.

The heading immediately preceding paragraph 43 of the First Amended

Complaint contains no factual allegations and thus no response is required.  To the extent that the

heading immediately preceding paragraph 43 of the First Amended Complaint may be deemed to

contain factual allegations, they are denied.

43.     Defendants aver that the allegations contained in paragraph 43 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 43 of the First Amended Complaint and, answering further, refer to 29 U.S.C. § 1105 for a complete and accurate statement of its contents.

The heading immediately preceding paragraph 44 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 44 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

44.     Defendants aver that the allegations contained in the first sentence of paragraph 44 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the first sentence of paragraph 44 of the First Amended Complaint and, answering further, refer to 29 U.S.C. § 1104 and 29 C.F.R. § 2550.404c-1 for a complete and accurate statement of their contents.  Defendants aver that the allegations contained in the second sentence of paragraph 44 and footnote 5 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the second sentence of paragraph 44 and footnote 5 of the First Amended Complaint and, answering further, refer to 29 C.F.R. § 2550.404a-5 for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the third sentence of paragraph 44 of the First Amended Complaint, and refer to the ICI Study and Ian Ayres & Quinn Curtis, *Beyond Diversification:  The Pervasive Problem of Excessive Fees and "Dominated Funds" in 401(k) Plans*, 124 Yale L.J. 1476 (2015) [hereinafter "*Beyond*

*Diversification*"], for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the fourth sentence of paragraph 44 of the First Amended Complaint, except admit only that fixed investments, bonds, stocks and real estate are generally considered asset classes.  Defendants deny the allegations contained in the fifth sentence of paragraph 44 of the First Amended Complaint, except admit only that money market funds, guaranteed investment contracts and stable value funds may be considered examples of fixed-income securities.  Defendants deny the allegations contained in the sixth sentence of paragraph 44 of the First Amended Complaint, except admit only that bonds are debt securities, which may be categorized in a number of ways.  Defendants deny the allegations contained in the seventh sentence of paragraph 44 of the First Amended Complaint, except admit only that an equity investment typically represents an ownership interest.  Defendants deny the allegations contained in the eighth sentence of paragraph 44 of the First Amended Complaint, except admit only that equity investments may be characterized in a number of ways.  Defendants deny the allegations contained in the ninth sentence of paragraph 44 of the First Amended Complaint, except admit only that a balanced fund is a type of mutual fund that invests in two or more asset classes. Defendants deny the allegations contained in the tenth sentence of paragraph 44 of the First Amended Complaint, except admit only that a target-date fund is a type of mutual fund that typically invests in various asset classes, with a risk level that is typically set to decline over time.

45.     Defendants deny the allegations contained in paragraph 45 of the First Amended Complaint, except admit only that fees and expenses are generally associated with investment products and, answering further, aver that any fees and expenses associated with Putnam mutual funds are a matter of public record and refer to those records for a complete and accurate statement of their contents.  Defendants deny the allegations contained in paragraph 45,

footnote 6 of the First Amended Complaint and refer to the 2015 Putnam Multi-Cap Growth Fund Annual Report for a complete and accurate statement of its contents.

46.     Defendants admit the allegations contained in the first sentence of paragraph 46 of the First Amended Complaint.  Defendants deny the allegations contained in the second, third, fourth and fifth sentences of paragraph 46 of the First Amended Complaint, and refer to James Kwak, *Improving Retirement Savings Options for Employees*, 15 U. Pa. J. Bus. L. 483 (2013), for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the sixth sentence of paragraph 46 of the First Amended Complaint, and refer to U.S. Department of Labor, *Understanding Retirement Plan Fees and Expenses* (Dec. 2011), for a complete and accurate statement of its contents.

47.     Defendants deny the allegations contained in the first sentence of paragraph 47 of the First Amended Complaint, except admit only that the Plan provides employees with the option of opening a self-directed brokerage account, giving them access to thousands of mutual funds unaffiliated with Putnam and, answering further, refer to Ayres & Curtis, *Beyond Diversification* and the Plan Document for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the second, third and fourth sentences of paragraph 47 of the First Amended Complaint.  Defendants deny the allegations contained in paragraph 47, footnote 7 of the First Amended Complaint, and refer to 29 C.F.R. § 25540.404a-5 for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fifth sentence of paragraph 47 of the First Amended Complaint, and refer to Department of Labor Field Assistance Bulletin 2012-02R (July 30, 2012), and Christopher Carosa, *Is the Fiduciary Liability of Self-Directed Brokerage Options Too Great for 401k Plan Sponsors?*, Fiduciary News (June 11, 2013), for a complete and accurate statement of

their contents.  Defendants deny the allegations contained in the sixth sentence of paragraph 47 of the First Amended Complaint, and refer to 29 C.F.R. § 2550.404a-5 for a complete and accurate statement of its contents.

48.     Defendants aver that the allegations contained in the first sentence of paragraph 48 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in the first sentence of paragraph 48 of the First Amended Complaint.  Defendants deny the allegations contained in the second and third sentences of paragraph 48 of the First Amended Complaint, and refer to Marijoyce Ryan, *The Downside of Self-Directed Brokerage Accounts*, The Daily Record (June 26, 2012), and Gregory Kasten, *Self-Directed Brokerage Accounts Reduce Success* (2004), for a complete and accurate statement of their contents.

49.     Defendants deny the allegations contained in the first sentence of paragraph 49 of the First Amended Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 49 of the First Amended Complaint, and refer to Investment Company Institute & Deloitte Consulting LLP, *Inside the Structure of Defined Contribution/401(k) Plan Fees* (2013) [hereinafter "ICI/Deloitte Study"], for a complete and accurate statement of its contents.

The heading immediately preceding paragraph 50 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding paragraph 50 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

50.     Defendants deny the allegations contained in the first sentence of paragraph 50 of the First Amended Complaint, and refer to *Tibble*, 135 S. Ct. at 1823, for a

complete and accurate statement of its contents.  Defendants deny the allegations contained in
the second and third sentences of paragraph 50 of the First Amended Complaint, except admit
only that investment performance influences individual account balances and, answering further,
refer to Stacy Schaus, *Defined Contribution Plan Sponsors Ask Retirees, "Why Don't You Stay?"
Seven Questions for Plan Sponsors*, PIMCO (Nov. 2013), and U.S. Department of Labor, *A Look
at 401(k) Plan Fees* (Aug. 2013), for a complete and accurate statement of their contents.
Defendants deny the allegations contained in paragraph 50, footnote 8 of the First Amended
Complaint, and refer to Investopedia, *Basis Points (BPS)*, for a complete and accurate statement
of its contents.

51.     Defendants deny the allegations contained in paragraph 51 of the First
Amended Complaint as materially incomplete, except admit only that a basis point is equal to
0.01% and, answering further, refer to the ICI/Deloitte Study for a complete and accurate
statement of its contents.

52.     Defendants deny the allegations contained in the first sentence of
paragraph 52 of the First Amended Complaint, except admit only that administrative expenses
can be paid in a variety of ways and, answering further, refer to Ayres & Curtis, *Beyond
Diversification* and the ICI/Deloitte Study for a complete and accurate statement of their contents.
Defendants deny the allegations contained in the second sentence of paragraph 52 of the First
Amended Complaint, except admit only that "revenue sharing" arrangements exist in the mutual
fund industry.  Defendants aver that the allegations contained in the third sentence of paragraph
52 of the First Amended Complaint are legal conclusions to which no response is required.  To
the extent that a response is deemed required, Defendants deny the allegations contained in the
third sentence of paragraph 52 of the First Amended Complaint and, answering further, refer to

U.S. Department of Labor Advisory Opinion 2003-09A, 2003 WL 21514170 (June 25, 2003), for a complete and accurate statement of its contents.

53.     Defendants deny the allegations contained in paragraph 53 of the First Amended Complaint.

54.     Defendants deny the allegations contained in the first and second sentences of paragraph 54 of the First Amended Complaint, except admit only that plan fiduciaries can minimize plan expenses in a number of ways.  Defendants deny the allegations contained in the third sentence of paragraph 54 of the First Amended Complaint, and refer to the ICI/Deloitte Study for a complete and accurate statement of its contents.  Defendants deny the allegations contained in the fourth sentence of paragraph 54 of the First Amended Complaint, and refer to Consumer Reports, *How to Grow Your Savings:  Stop 401(k) Fees from Cheating You Out of Retirement Money* (Aug. 2013), and U.S. Department of Labor, *Study of 401(k) Plan Fees and Expenses* (Apr. 13, 1998), for a complete and accurate statement of their contents. Defendants deny the allegations contained in the fifth and sixth sentences of paragraph 54 of the First Amended Complaint, and refer to the ICI Study for a complete and accurate statement of its contents.

55.     Defendants deny the allegations contained in paragraph 55 of the First Amended Complaint, and refer to 29 U.S.C. § 1104, *Tibble v. Edison International*, No. CV 07-5359 SVW (AGRx), 2010 WL 2757153 (C.D. Cal. July 8, 2010), and *Tussey v. ABB, Inc.*, No. 06-04305-CV-NKL, 2007 WL 4289694 (W.D. Mo. Dec. 3, 2007), for a complete and accurate statement of their contents.

The heading immediately preceding paragraph 56 of the First Amended Complaint contains no factual allegations and thus no response is required.  To the extent that the

heading immediately preceding paragraph 56 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

56.    Defendants deny the allegations contained in paragraph 56 of the First Amended Complaint, except admit only that plan fiduciaries must act prudently.

57.    Defendants deny the allegations contained in paragraph 57 of the First Amended Complaint, and refer to Jill E. Fisch & Tess Wilkinson-Ryan, *Why Do Retail Investors Make Costly Mistakes*, 162 U. Pa. L. Rev. 605 (2014) [hereinafter "*Costly Mistakes*"] and Shlomo Benartzi & Richard H. Thaler, *Naive Diversification Strategies in Defined Contribution Plans*, 91 Am. Econ. Rev. 79 (2001), for a complete and accurate statement of their contents.

58.    Defendants deny the allegations contained in paragraph 58 of the First Amended Complaint, and refer to John Ameriks & Stephen P. Zeldes, *How Do Household Portfolio Shares Vary with Age?*, Columbia University Working Paper (Sept. 2004) and Julie Agnew et al., *Portfolio Choice and Trading in a Large 401(k) Plan*, 93 Am. Econ. Rev. 193 (Mar. 2003), for a complete and accurate statement of their contents.

59.    Defendants deny the allegations contained in paragraph 59 of the First Amended Complaint, except admit only that plan fiduciaries must act prudently.

60.    Defendants deny the allegations contained in the first and second sentences of paragraph 60 of the First Amended Complaint.  Defendants deny the remaining allegations contained in paragraph 33 of the First Amended Complaint, and refer to Javier Gil-Bazio & Pablo Ruiz-Verdu, *When Cheaper Is Better:  Fee Determination in the Market for Equity Mutual Funds*, 67 J. Econ. Behav. & Org. 871 (2009) and Fisch & Wilkinson-Ryan, *Costly Mistakes*, for a complete and accurate statement of their contents.

61.     Defendants deny the allegations contained in the first sentence of paragraph 61 of the First Amended Complaint, except admit only that historical fund performance is not indicative of future fund performance and, answering further, refer to Laurent Barras et al., *False Discoveries in Mutual Fund Performance:  Measuring Luck in Estimated Alphas*, 65 J. Fin. 179 (2010) and Mark M. Carhart, *On Persistence in Mutual Fund Performance*, 52 J. Fin. 57 (1997), for a complete and accurate statement of their contents.  Defendants deny the remaining allegations contained in paragraph 61 of the First Amended Complaint and, answering further, refer to Eugene F. Fama & Kenneth R. French, *Luck Versus Skill in the Cross-Section of Mutual Fund Returns*, 65 J. Fin. 1915 (2010), Russ Wermers, *Mutual Fund Performance:  An Empirical Decomposition into Stock-Picking Talent, Style, Transaction Costs, and Expenses*, 55 J. Fin. 1655 (2000), and Restatement (Third) of Trusts § 90 for a complete and accurate statement of their contents.

Defendants aver that the allegations contained in the heading immediately following paragraph 61 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that the heading immediately following paragraph 61 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

Defendants deny the allegations contained in the heading immediately preceding paragraph 62 of the First Amended Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the First Amended Complaint, except admit only that Putnam has offered Putnam-affiliated investment products to its employees through the Plan, as set forth in paragraph 8.1 of the Plan Document and permitted by the Department of Labor.  *See* Class Exemption Involving Mutual Fund In-

House Plans Requested by the Investment Company Institute, 42 Fed. Reg. 18,734 (Mar. 31, 1977) ("PTE 77-3").

63.     Defendants deny the allegations contained in paragraph 63 of the First Amended Complaint, except admit only that the Plan's 2010 investment options are set forth in the Plan's 2010 Form 5500 filed with the Department of Labor, and refer to that public filing for a complete and accurate statement of its contents.

64.     Defendants deny the allegations contained in paragraph 64 of the First Amended Complaint, except admit only that the Plan's 2013 investment options are set forth in the Plan's Form 2013 5500 filed with the Department of Labor, and refer to that public filing for a complete and accurate statement of its contents.

65.     Defendants deny the allegations contained in paragraph 65 of the First Amended Complaint, and refer to Form 5500, Schedule H, Part IV, Line 4i -- Schedule of Assets (2013) for a complete and accurate statement of its contents.

66.     Defendants deny the allegations contained in paragraph 66 of the First Amended Complaint and aver that the expenses associated with the Plan's investment options are a matter of public record and, answering further, refer to those records for a complete and accurate statement of their contents.

67.     Defendants deny the allegations contained in the first sentence of paragraph 67 of the First Amended Complaint.  Defendants deny the remaining allegations contained in paragraph 67 of the First Amended Complaint, and refer to the ICI Study for a complete and accurate statement of its contents.

68.     Defendants deny the allegations contained in paragraph 68 of the First Amended Complaint.

Defendants deny the allegations contained in the heading immediately preceding paragraph 69 of the First Amended Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the First Amended Complaint.

70.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the First Amended Complaint and, answering further, refer to the ICI Study for a complete and accurate statement of its contents.

71.     Defendants deny the allegations contained in paragraph 71 and footnote 9 of the First Amended Complaint and aver that the expenses associated with the Plan's investment options are a matter of public record and, answering further, refer to those records for a complete and accurate statement of the expense ratios for Putnam mutual funds.

72.     Defendants deny the allegations contained in paragraph 72 and footnote 10 of the First Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72, footnote 11 of the First Amended Complaint.  Defendants deny the allegations in the table contained in paragraph 72 of the First Amended Complaint and, answering further, refer to the cited funds' public filings for a complete and accurate statement of those funds' expense ratios.

73.     Defendants deny the allegations contained in the first sentence of paragraph 73 of the First Amended Complaint.  Defendants aver that the allegations contained in the second sentence of paragraph 73 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants

deny the allegations contained in the second sentence of paragraph 73 of the First Amended Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the First Amended Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the First Amended Complaint.

76.     Defendants deny the allegations contained in the first sentence of paragraph 76 of the First Amended Complaint.  Defendants deny the allegations contained in the second, third, fourth and fifth sentences of paragraph 76 of the First Amended Complaint, except admit only that some mutual funds offer different classes of shares.  Defendants deny the allegations contained in the sixth sentence of paragraph 76 of the First Amended Complaint.

a.     Defendants deny the allegations contained in paragraph 76(a) of the First Amended Complaint, except admit only that every fund within the Plan holds the least expensive share class and that certain class Y shares were converted to class R6 shares in 2013. Defendants deny the allegations contained in paragraph 76(a), footnote 12 of the First Amended Complaint, except admit only that Putnam funds were added to the plan in 2013.

b.     Defendants deny the allegations contained in paragraph 76(b) of the First Amended Complaint, except admit only that certain class Y units were converted to class M units in 2013.

77.     Defendants deny the allegations contained in the first sentence of paragraph 77 of the First Amended Complaint.  Defendants deny the allegations contained in the second and third sentences of paragraph 77 of the First Amended Complaint and, answering further, refer to the Putnam Emerging Markets Income Fund Annual Report (May 31, 2015) and

Putnam Fund for Growth & Income Annual Report (Oct. 31, 2015) for a complete and accurate statement of their contents.

78.      Defendants deny the allegations contained in paragraph 78 of the First Amended Complaint.

Defendants deny the allegations contained in the heading immediately preceding paragraph 79 of the First Amended Complaint.

79.      Defendants deny the allegations contained in the first sentence of paragraph 79 of the First Amended Complaint and, answering further, refer to the 2015 Putnam Retirement Plan Summary Plan Description and Plan Document for a complete and accurate statement of their contents.  Defendants aver that the allegations contained in the second sentence of paragraph 79 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the second sentence of paragraph 79 of the First Amended Complaint and, answering further, refer to 29 U.S.C. § 1104 and *Dudenhoeffer*, 143 S. Ct. at 2459 for a complete and accurate statement of their contents.

80.      Defendants aver that the allegations contained in the first sentence of paragraph 80 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the first sentence of paragraph 80 of the First Amended Complaint.  Defendants deny the allegations contained in the second and third sentences of paragraph 80 of the First Amended Complaint.

Defendants deny the allegations contained in the heading immediately preceding paragraph 81 of the First Amended Complaint, except admit only that the Putnam Voyager Fund is currently offered as an investment option within the Plan.

81.     Defendants deny the allegations contained in the first sentence of paragraph 81 of the First Amended Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 81 of the First Amended Complaint and, answering further, refer to Steven Syre, *Problems, Problems*, Boston Globe (Feb. 14, 2008) for a complete and accurate statement of its contents.  Defendants admit the allegations contained in paragraph 81, footnote 13 of the First Amended Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the First Amended Complaint, except admit only that Nick Thakore was the portfolio manager of the Putnam Voyager Fund.

83.     Defendants deny the allegations contained in the first sentence of paragraph 83 of the First Amended Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 83 of the First Amended Complaint and aver that the fund's performance is a matter of public record.  Defendants deny the allegations contained in the third sentence of paragraph 83 of the First Amended Complaint.

84.     Defendants deny the allegations contained in the first sentence of paragraph 84 of the First Amended Complaint and aver that the fund's performance is a matter of public record and, answering further, refer to those records for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the second sentence of paragraph 84 of the First Amended Complaint.  Defendants deny the allegations contained in the third

sentence of paragraph 84 of the First Amended Complaint, except admit only that the Putnam Voyager Fund is an investment option within the Plan.

85.     Defendants deny the allegations contained in paragraph 85 of the First Amended Complaint and, answering further, refer to the Plan's 2009 Form 5500 for a complete and accurate statement of the Plan's investment in the Putnam Voyager Fund Y as of December 31 2009.

Defendants deny the allegations contained in the heading immediately preceding paragraph 86 of the First Amended Complaint, except admit only that the Putnam Fund for Growth & Income is currently offered as an investment option within the Plan.

86.     Defendants deny the allegations contained in the first sentence of paragraph 86 of the First Amended Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 86 of the First Amended Complaint and, answering further, refer to Steven Syre, *Problems, Problems*, Boston Globe (Feb. 14, 2008) for a complete and accurate statement of its contents.

87.     Defendants deny the allegations contained in the first sentence of paragraph 87 of the First Amended Complaint, except admit only that Robert Ewing has been a portfolio manager of the Putnam Fund for Growth & Income.  Defendants deny the allegations contained in the second sentence of paragraph 87 of the First Amended Complaint and aver that the fund's performance is a matter of public record and, answering further, refer to those records for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the third sentence of paragraph 87 of the First Amended Complaint.

88.     Defendants deny the allegations contained in the first sentence of paragraph 88 of the First Amended Complaint.  Defendants deny the allegations contained in the

second sentence of paragraph 88 of the First Amended Complaint and aver that the fund's performance is a matter of public record and, answering further, refer to those records for a complete and accurate statement of their contents.  Defendants deny the allegations contained in the third sentence of paragraph 88 of the First Amended Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the First Amended Complaint and, answering further, refer to the Plan's 2009 Form 5500 for a complete and accurate statement of the Plan's investment in the Putnam Fund for Growth & Income Y as of December 31 2009.

Defendants deny the allegations contained in the heading immediately preceding paragraph 90 of the First Amended Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the First Amended Complaint, except admit only that mutual fund companies launch new funds for a variety of reasons.

91.     Defendants deny the allegations contained in paragraph 91 of the First Amended Complaint, except admit only that there are costs associated with operating mutual funds.

92.     Defendants deny the allegations contained in paragraph 92 of the First Amended Complaint and, answering further, refer to Todd Schlanger & Christopher B. Philips, *The Mutual Fund Graveyard:  An Analysis of Dead Funds*, Vanguard Funds (Jan. 2013), for a complete and accurate statement of its contents.

93.     Defendants deny the allegations contained in paragraph 93 of the First Amended Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the First Amended Complaint.

95.     Defendants deny the allegations contained in the first, second, third, fourth and fifth sentences of paragraph 95 of the First Amended Complaint, except admit only that Putnam launched new funds in December 2008, which were subsequently added to the Plan. Defendants deny the allegations contained in the sixth sentence of paragraph 95 of the First Amended Complaint, except admit only that Brotherston invested in the Putnam Global Financials Fund Y and, answering further, aver that the fund's performance is a matter of public record.

96.     Defendants deny the allegations contained in paragraph 96 of the First Amended Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of the First Amended Complaint, except admit only that Putnam launched new funds in March 2013 that were subsequently added to the Plan.

98.     Defendants deny the allegations contained in paragraph 98 of the First Amended Complaint.

Defendants aver that the allegations contained in the heading immediately preceding paragraph 99 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the heading immediately preceding paragraph 99 of the First Amended Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the First Amended Complaint, except admit only that Defendants issued a Retirement Plan Update in December 2015 and refer to that document for a complete and accurate statement of its contents.

100.    Defendants deny the allegations contained in paragraph 100 of the First Amended Complaint, except admit only that certain funds were added to the Plan and refer to the Retirement Plan Update and the initial Complaint for a complete and accurate statement of their contents.

101.    Defendants deny the allegations contained in the first and second sentences of paragraph 101 of the First Amended Complaint, except admit only that certain Putnam funds continue to be offered through the Plan.  Defendants aver that the allegations contained in the third sentence of paragraph 101 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the third sentence of paragraph 101 of the First Amended Complaint.  Defendants aver that the allegations contained in the fourth sentence of paragraph 101 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the fourth sentence of paragraph 101 of the First Amended Complaint and, answering further, refer to *Bunch*, 532 F. Supp. 2d at 283, for a complete and accurate statement of its contents.

102.    Defendants deny the allegations contained in the first sentence of paragraph 102 of the First Amended Complaint, and refer to the Retirement Plan Update for a complete and accurate statement of its contents.  Defendants aver that the allegations contained in the second sentence of paragraph 102 of the First Amended Complaint are legal conclusions to

which no response is required.  To the extent that a response is deemed required, Defendants

deny the allegations contained in the second sentence of paragraph 102 of the First Amended

Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the First

Amended Complaint.

104.    Defendants aver that the allegations contained in the first and second

sentences of paragraph 104 of the First Amended Complaint are legal conclusions to which no

response is required.  To the extent that a response is deemed required, Defendants deny the

allegations contained in the first and second sentences of paragraph 104 of the First Amended

Complaint.  Defendants deny the allegations contained in the third sentence of paragraph 104 of

the First Amended Complaint.

The heading immediately preceding paragraph 105 of the First Amended

Complaint contains no factual allegations and thus no response is required.  To the extent that the

heading immediately preceding paragraph 105 of the First Amended Complaint may be deemed

to contain factual allegations, they are denied.

105.    Defendants aver that the allegations contained in the first sentence of

paragraph 105 of the First Amended Complaint are legal conclusions to which no response is

required.  To the extent that a response is deemed required, Defendants deny the allegations

contained in the first sentence of paragraph 105 of the First Amended Complaint and, answering

further, refer to 29 U.S.C. § 1109 for a complete and accurate statement of its contents.

Defendants deny the allegations contained in the second sentence of paragraph 105 of the First

Amended Complaint, except admit only that Plaintiffs purport to seek to certify a putative class.

106.    Defendants deny the allegations contained in paragraph 106 of the First Amended Complaint, except admit only that Plaintiffs purport to represent a putative class. Defendants aver that the allegations contained in paragraph 106, footnote 14 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 106, footnote 14 of the First Amended Complaint.

107.    Defendants aver that the allegations contained in the first sentence of paragraph 107 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the first sentence of paragraph 107 of the First Amended Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 107 of the First Amended Complaint, except admit only that all Putnam employees are eligible to participant in the Plan, with exceptions as outlined in paragraph 3.1 of the Plan Document.

108.    Defendants aver that the allegations contained in paragraph 108 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 108 of the First Amended Complaint.

109.    Defendants aver that the allegations contained in paragraph 109 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 109 of the First Amended Complaint.

110.    Defendants aver that the allegations contained in paragraph 110 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent

that a response is deemed required, Defendants deny the allegations contained in paragraph 110 of the First Amended Complaint.

111.    Defendants aver that the allegations contained in paragraph 111 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 111 of the First Amended Complaint.

112.    Defendants aver that the allegations contained in paragraph 112 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 112 of the First Amended Complaint.

113.    Defendants aver that the allegations contained in paragraph 113 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 113 of the First Amended Complaint.

The headings immediately preceding paragraph 114 of the First Amended Complaint contain no factual allegations and thus no response is required.  To the extent that the headings immediately preceding paragraph 114 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

114.    Defendants aver that the allegations contained in paragraph 114 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 114 of the First Amended Complaint.  Answering further, Defendants aver that an answer to the allegations contained in paragraph 114 of the First Amended Complaint is not required insofar as

the allegations concern Ellen Neary, who has been dismissed from this case.  (*See* Docket No. 40.)

115.    Defendants aver that the allegations contained in paragraph 115 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 115 of the First Amended Complaint.

116.    Defendants aver that the allegations contained in paragraph 116 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 116 of the First Amended Complaint.

117.    Defendants deny the allegations contained in the first, second, third and fourth sentences of paragraph 117 of the First Amended Complaint.  Defendants aver that the allegations contained in the fifth sentence in paragraph 117 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the fifth sentence of paragraph 117 of the First Amended Complaint.

118.    Defendants deny the allegations contained in the first, second and third sentences of paragraph 118 of the First Amended Complaint.  Defendants aver that the allegations contained in the fourth sentence of paragraph 118 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the fourth sentence of paragraph 118 of the First Amended Complaint.

119.     Defendants aver that the allegations contained in paragraph 119 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 119 of the First Amended Complaint.

120.     Defendants aver that the allegations contained in paragraph 120 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 120 of the First Amended Complaint.

The headings immediately preceding paragraph 121 of the First Amended Complaint contain no factual allegations and thus no response is required.  To the extent that the headings immediately preceding paragraph 121 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

121.     Defendants aver that the allegations contained in paragraph 121 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 121 of the First Amended Complaint.

122.     Defendants deny the allegations contained in the first and second sentences of paragraph 122 of the First Amended Complaint.  Defendants aver that the allegations contained in the third sentence of paragraph 122 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the third sentence of paragraph 122 of the First Amended Complaint.

123.    Defendants aver that the allegations contained in paragraph 123 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 123 of the First Amended Complaint.  Answering further, Defendants aver that an answer to the allegations contained in paragraph 123 of the First Amended Complaint is not required insofar as the allegations concern Ellen Neary, who has been dismissed from this case.  (*See* Docket No. 40.)

124.    Defendants aver that the allegations contained in paragraph 124 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 124 of the First Amended Complaint.

125.    Defendants aver that the allegations contained in paragraph 125 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 125 of the First Amended Complaint.

The headings immediately preceding paragraph 126 of the First Amended Complaint contain no factual allegations and thus no response is required.  To the extent that the headings immediately preceding paragraph 126 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

126.    Defendants aver that the allegations contained in paragraph 126 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 126 of the First Amended Complaint.

127.     Defendants aver that the allegations contained in paragraph 127 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 127 of the First Amended Complaint.

128.     Defendants deny the allegations contained in the first and second sentences of paragraph 128 of the First Amended Complaint.  Defendants aver that the allegations contained in the third sentence of paragraph 128 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the third sentence of paragraph 128 of the First Amended Complaint.

129.     Defendants aver that the allegations contained in paragraph 129 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 129 of the First Amended Complaint.  Answering further, Defendants aver that an answer to the allegations contained in paragraph 129 of the First Amended Complaint is not required insofar as the allegations concern Ellen Neary, who has been dismissed from this case.  (*See* Docket No. 40.)

130.     Defendants aver that the allegations contained in paragraph 130 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 130 of the First Amended Complaint.

131.     Defendants aver that the allegations contained in paragraph 131 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent

that a response is deemed required, Defendants deny the allegations contained in paragraph 131 of the First Amended Complaint.

The headings immediately preceding paragraph 132 of the First Amended Complaint contain no factual allegations and thus no response is required.  To the extent that the headings immediately preceding paragraph 132 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

132.    Defendants aver that the allegations contained in paragraph 132 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 132 of the First Amended Complaint.

133.    Defendants deny the allegations contained in paragraph 133 of the First Amended Complaint, and refer to the Plan Document for a complete and accurate statement of its contents.

134.    Defendants aver that the allegations contained in paragraph 134 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 134 of the First Amended Complaint.

135.    Defendants aver that the allegations contained in paragraph 135 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 135 of the First Amended Complaint.

136.    Defendants aver that the allegations contained in paragraph 136 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent

that a response is deemed required, Defendants deny the allegations contained in paragraph 136 of the First Amended Complaint.

137. Defendants aver that the allegations contained in paragraph 137 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 137 of the First Amended Complaint.

138. Defendants aver that the allegations contained in paragraph 138 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 138 of the First Amended Complaint.

139. Defendants aver that the allegations contained in paragraph 139 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 139 of the First Amended Complaint.

The headings immediately preceding paragraph 140 of the First Amended Complaint contain no factual allegations and thus no response is required. To the extent that the headings immediately preceding paragraph 140 of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

140. Defendants aver that the allegations contained in paragraph 140 of the First Amended Complaint are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 140 of the First Amended Complaint and, answering further, refer to 29 U.S.C. § 1132 for a complete and accurate statement of its contents.

141.     Defendants aver that the allegations contained in the first sentence of paragraph 141 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in the first sentence of paragraph 141 of the First Amended Complaint.  Defendants deny the remaining allegations contained in paragraph 141 of the First Amended Complaint, except admit only that Plaintiffs purport to seek equitable relief.

142.     Defendants deny the allegations contained in paragraph 142 of the First Amended Complaint.

143.     Defendants aver that the allegations contained in paragraph 143 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 143 of the First Amended Complaint.

144.     Defendants aver that the allegations contained in paragraph 144 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations contained in paragraph 144 of the First Amended Complaint.

The heading immediately preceding the paragraph beginning "WHEREFORE" of the First Amended Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding the paragraph beginning "WHEREFORE" of the First Amended Complaint may be deemed to contain factual allegations, they are denied.

Defendants deny that Plaintiffs are entitled to any of the relief requested as stated in their Prayer For Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each and every allegation in the First Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Each and every allegation in the First Amended Complaint fails to state a claim upon which relief may be granted specifically as against the named Defendants who are not Plan fiduciaries with respect to the selection and maintenance of Plan investment options.

### Third Affirmative Defense

This action is barred, in whole or in part, because all investment decisions made were entirely prudent, suitable for and in the sole interest of the Plan.

### Fourth Affirmative Defense

This action is barred, in whole or in part, by the ERISA safe harbor provisions, including, but not limited to, ERISA § 404(c), 29 U.S.C. § 1104(c).

### Fifth Affirmative Defense

This action is barred, in whole or in part, by ERISA § 408, 29 U.S.C. § 1108, and the exemptions promulgated thereunder by the Department of Labor, including, but not limited to, PTE 77-3.

### Sixth Affirmative Defense

This action is barred, in whole or in part, because Plaintiffs assumed the risk of investment and were fully advised of and understood the nature of and risks inherent in the Plan investment options.

## Seventh Affirmative Defense

This action is barred to the extent Plaintiffs claim losses, damages or other relief on account of acts or omissions by any Defendant that are ministerial or non-discretionary in nature.

## Eighth Affirmative Defense

This action is barred to the extent Plaintiffs claim losses, damages or other relief on account of acts or omissions by any Defendant that arise out of settlor or sponsor duties with respect to the Plan.

## Ninth Affirmative Defense

This action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure, because, alternatively,

a. Part or all of the purported class is not numerous;

b. Questions of law or fact common to the purported class do not exist;

c. Plaintiffs' claims are not typical of the claims of those they purport to represent;

d. Plaintiffs will not fairly and adequately protect the interests of the purported class;

e. Common questions do not predominate;

f. A class action is not superior to other available methods for the fair and effective adjudication of the controversy; or

g. Other applicable requirements are not met.

## Tenth Affirmative Defense

This action is barred, in whole or in part, because Plaintiffs lack standing to bring the claims alleged.

## Eleventh Affirmative Defense

This action is barred because Defendants at all times acted in good faith.

### Twelfth Affirmative Defense

This action is barred because Defendants have not breached duties owed to Plaintiffs, if any.

### Thirteenth Affirmative Defense

This action is barred because Plaintiffs have not suffered any legally cognizable damages or injuries by virtue of any matter alleged in the First Amended Complaint or any act or omission on the part of any Defendant.

### Fourteenth Affirmative Defense

To the extent that Plaintiffs have failed to act reasonably to mitigate, minimize or avoid their claimed damages, if any, any recovery must be reduced in whole or in part.

### Fifteenth Affirmative Defense

This action is barred because Plaintiffs assert their allegations in bad faith and on the basis of insufficient factual investigation by Plaintiffs and Plaintiffs' counsel, resulting in unreasonable and vexatious proceedings.

### Sixteenth Affirmative Defense

This action is barred because of Plaintiffs' failure to join indispensable parties.

### Seventeenth Affirmative Defense

Plaintiffs are not entitled to equitable relief, as they have suffered and will suffer no irreparable harm and have adequate remedies at law.

### Eighteenth Affirmative Defense

This action is barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

## Nineteenth Affirmative Defense

This action is barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.  Plaintiffs have failed to allege facts sufficient to establish the applicability of the doctrine of fraudulent concealment.

## Twentieth Affirmative Defense

Plaintiffs have failed to allege facts sufficient to entitle them to an award of attorneys' fees.

## Twenty-First Affirmative Defense

This action is barred, in whole or in part, by the doctrine of release and/or to the extent that any claims are subject to a covenant not to sue.

## Twenty-Second Affirmative Defense

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve their right to amend their answer and assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully requests that this Court:

a.   Enter judgment in favor of Defendants and dismiss the First Amended Complaint with prejudice;

b.   Determine that this action may not proceed as a class action and dismiss all purported class action allegations with prejudice;

c.   Award Defendants their costs and attorneys' fees and expenses in defending against the Complaint and First Amended Complaint; and

d.   Award such other and further relief as the Court deems just and proper.

Dated:  April 21, 2016
       Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Eben P. Colby (BBO #651456)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
eben.colby@skadden.com
michael.hines@skadden.com

Counsel for Defendants

---

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 21, 2016.

Dated:  April 21, 2016    /s/ Michael S. Hines
                          Michael S. Hines