UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
JOHN BROTHERSTON and JOAN GLANCY,              :
individually and as representatives of a class of
similarly situated persons, and on behalf of the :
Putnam Retirement Plan,
                                               :
         Plaintiffs,                              Civil Action
                                               :  No. 15-13825-WGY
    v.
                                               :
PUTNAM INVESTMENTS, LLC, PUTNAM
INVESTMENT MANAGEMENT, LLC, PUTNAM :
INVESTOR SERVICES, INC., the PUTNAM
BENEFITS INVESTMENT COMMITTEE, the             :
PUTNAM BENEFITS OVERSIGHT COMMITTEE,
and ROBERT REYNOLDS,                           :

         Defendants.                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT, CERTIFYING CLASS ONLY
FOR SETTLEMENT PURPOSES, APPROVING PROCEDURE AND
FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiffs' Motion for preliminary approval (the "Motion For Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiffs John Brotherston and Joan Glancy ("Plaintiffs"), individually and on behalf of a class of participants in the Putnam Retirement Plan (the "Plan"), and Defendants Putnam Investments, LLC; Putnam Investment Management, LLC; Putnam Investor Services, Inc.; the Putnam Benefits Investment Committee ("PBIC"); the Putnam Benefits Oversight Committee ("PBOC"); and Robert Reynolds (collectively, "Defendants"), as set forth in the Parties' Class Action Settlement Agreement (the "Settlement

Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

    1.    The Court has read and considered the Settlement Agreement, including its Exhibits, and having heard from the Parties hereby preliminarily approves the Settlement Agreement in its entirety.  Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

    2.    The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness.  Based on this preliminary evaluation, the Court finds that there is cause to believe that (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (iii) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and is not a coupon settlement for purposes of 28 U.S.C. § 1712.  The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by Defendants or any other party.

    3.    Pursuant to Federal Rule of Civil Procedure 23(b)(1), and for settlement purposes only, the Court certifies the proposed Class, consisting of:

> All participants and beneficiaries of the Putnam Retirement Plan at any time during the period from November 13, 2009 to the date of the Court's Final Approval Order.

    Excluded from the Class are Defendants, members of the PBIC, members of the PBOC, and members of the Putnam Investments, LLC Board of Directors.

4. For settlement purposes, the Court hereby preliminarily approves the appointment of Plaintiffs John Brotherston and Joan Glancy as Class Representatives.

5. For settlement purposes, the Court hereby preliminarily approves the appointment of James H. Kaster, Paul J. Lukas, Kai H. Richter, Carl F. Engstrom, and Jacob Schutz of Nichols Kaster, PLLC, and Jason M. Leviton and Jacob A. Walker of Block & Leviton LLP as Class Counsel.

6. On **September 9, 2020** at **2:00 p.m.** or at such other date and time later set by Court Order, in courtroom 18, Fifth Floor of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 this Court will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and service awards to Plaintiffs, should be granted, and in what amount.  No later than fourteen (14) days prior to Objection Deadline, Class Counsel shall file an application for attorneys' fees and expenses, and the Service Awards to the Class Representatives. No later than **August 26, 2020**, Plaintiffs shall file papers in support of final approval of the Settlement Agreement and in response to any written objections.  Defendants may (but are not required to) also file papers in support of final approval of the Settlement Agreement, so long as they do so no later than **August 26, 2020**.

7. Pursuant to the Settlement Agreement, Analytics Consulting LLC is hereby appointed the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.  Analytics Consulting LLC, or its designee, is additionally appointed the Escrow Agent and shall be

3

required to perform all the duties of the Escrow Agent as set forth in the Settlement Agreement and this Order.

8.     The Court approves the proposed Notice as a means of giving direct notice to Class Members by mail and also by establishing a Settlement Website, as more fully described in the Settlement Agreement.  The Notice, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. No later than thirty-five (35) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to be published on the Internet.  No later than thirty-five (35) calendar days following the entry of this Preliminary Approval Order and in accordance with the terms of the Settlement Agreement, the Settlement Administrator shall disseminate the Notice that is Exhibit B to the Settlement Agreement via first class mail to the Class Members and the Former Participant Rollover Form that is Exhibit A to the Settlement Agreement via first class mail to Class Members that are Former Participants of the Plan.

9.     Any Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections must be filed with the Court and be mailed or otherwise delivered to Class Counsel and Defendant's Counsel by sixty (60) days after the Class Notice is first sent to the Class (the "Objection Deadline").  Any Class Member represented by counsel may file their objection through the Court's CM/ECF system and need not separately mail a copy to Class Counsel or Defendants' Counsel.  A Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her, or its comment to be considered by the Court.  All objections from Class Members must include in the written objection his, her, or its name and address; state that he, she, or it is a Class Member;

state the specific grounds for the objection; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a physical signature for the objecting Class Member; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing.

10. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

11. Each Class Member and his or her respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, Former Defendants, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, Former Defendants, or Released Parties.

12. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged

or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party. Defendants have denied and continue to deny the claims asserted by Plaintiffs.  Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

13. The certification of the Class set forth in paragraph 3 of this Order shall be binding only with respect to the settlement of the Action.  In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc,* and no reference to the Class set forth in paragraph 3 of this Order, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this 29th day of April, 2020.

    /s/ William G. Young
William G. Young
United States District Judge