IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Brotherston and Joan Glancy, individually and as representatives of a class of similarly situated persons, and on behalf of the Putnam Retirement Plan,<br><br>                      Plaintiffs,<br>v.<br><br>Putnam Investments, LLC, Putnam Investment Management, LLC, Putnam Investor Services, Inc., the Putnam Benefits Investment Committee, the Putnam Benefits Oversight Committee, and Robert Reynolds,<br><br>                      Defendants. | Case No. 1:15-cv-13825-WGY<br><br>[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

      Upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement, and finding good cause for the motion, the Court hereby approves the Parties' Settlement Agreement (ECF No. 215-1), and orders and adjudges as follows:

      1.     For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

      2.     The following Settlement Class is hereby certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of Settlement:

> All participants and beneficiaries of the Putnam Retirement Plan at any time during the period from November 13, 2009 to [the date of the Court's Final Approval Order]. Excluded from the class are Defendants, members of the PBIC, members of the PBOC, and members of the Putnam Investments, LLC Board of Directors.

      3.     The form and method of notifying the Class Members of the terms and conditions of the Settlement Agreement met the requirements of Rules 23 and due process, and constituted the best notice practicable under the circumstances. In accordance with the Court's Preliminary

Approval Order, and as reflected in the information provided by the Settlement Administrator (Analytics Consulting LLC), Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort, and provided Class Members with all necessary information regarding the Settlement and their rights under the Settlement (including their right to object and appear at the Fairness Hearing).

    4.    The terms of the Settlement are fair, reasonable, and adequate, and satisfy the conditions for approval under Rule 23(e)(2). Among other things, the Court finds that:

    A.    The Class was adequately represented by the Class Representatives and Class Counsel;

    B.    The Settlement resulted from arm's-length negotiations conducted in good faith after extensive litigation and a partial trial on the merits;

    C.    The monetary relief provided by the Settlement ($12,500,000) is fair, reasonable, and adequate in light of the claims asserted, and will be effectively distributed pursuant to a common formula that treats all class members equitably;

    D.    The prospective relief provided by the Settlement will further benefit the Settlement Class;

    E.    The Settlement avoids significant costs, risks, and delays in connection with continued litigation;

    F.    The Class Representatives and Class Counsel support the Settlement;

    G.    Class Members had the opportunity to be heard on all issues regarding the Settlement Agreement, and there were no objections to the Settlement from any Class Member;

H. The Settlement was reviewed by an Independent Fiduciary, Fiduciary Counselors Inc., which has approved the Settlement and approved the release of claims therein; and

I. The Settlement Agreement meets all other necessary criteria for approval and is in the best interest of the Settlement Class.

Accordingly, the Motion for Final Approval of the Settlement Agreement is GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

5. The Action and all Plaintiffs' Released Claims, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Parties other than as provided for in the Settlement Agreement.

6. Neither this Final Approval Order nor this Settlement Agreement constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever.

7. The Class Representatives and each Class Member, and their respective heirs, beneficiaries, executors, administrators, successors, and assigns, and the Plan shall be (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Plaintiffs' Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of Plaintiffs' Released Claims, either individually or derivatively on behalf of the Plan.

10. The Court has subject matter jurisdiction over this Action, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and the Settlement Agreement.

11. Upon the Effective Date of this Order under the Settlement Agreement, the Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: April 6, 2021

/s/ William G. Young
Hon. William G. Young
United States District Judge